AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>PASCO L. REYNOLDS, IV,<br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>) | Case No. 13-8060-JMH |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January 31, 2013,___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1). | Possession of a Firearm by a Convicted Felon. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Task Force Officer Troy L. Raines
_Printed name and title_

_I find probable cause._

Sworn to before me and signed in my presence.

Date: 02/01/2013

_Judge's signature_

City and state: West Palm Beach, Florida

Hon. U.S. Magistrate Judge James M. Hopkins
_Printed name and title_

# AFFIDAVIT
# OF
# TROY L. RAINES
# TASK FORCE OFFICER FOR THE
# BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES

I, Troy L. Raines, having been duly sworn, hereby depose and state the following:

1. I have been a police officer for over seventeen years. I was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department in Salisbury, Maryland. I have been employed as a certified Police Officer since August 2001 until present with the Boynton Beach Police Department in Boynton Beach, Florida. During this tenure, I have been assigned to a number of different divisions within the Boynton Beach Police Department, including patrol operations, street crimes units, and the Detective Bureau. I have been involved in several investigations involving violent crimes as an investigator in Maryland and Florida, several of which resulted in successful convictions. I have been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes. I have received numerous hours of training in Homicide Investigations, Narcotics Investigations, Street Gang Investigations, and Investigative Interviewing Procedures. Since September 2006, I have been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit. I was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter referred to as ATF) in December 2009. My responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44).

2. This affidavit is based upon my personal knowledge, a review of reports, and information obtained from other law enforcement officials and civilians. This affidavit does not contain every fact about this case known to me, but rather only those facts necessary to establish

probable cause to believe that Pasco L. REYNOLDS, IV has committed a violation of Title 18, United States Code, Sections 922(g)(1), namely Possession of a Firearm and Ammunition by a Convicted Felon.

## FACTS IN SUPPORT OF PROBABLE CAUSE

3. On January 30, 2013, a Palm Beach County Sheriff's Office (PBSO) Sergeant received a phone call from a concerned citizen in reference to a black male with a firearm near open businesses located at 12th Avenue South and E Street in Lake Worth, Palm Beach County, Florida. The concerned citizen advised the Sergeant that the person was driving a Mitsubishi vehicle with attached Florida license plate DDDV45. The concerned citizen stated that he knew the individual with the firearm to be an individual by the name of Pasco REYNOLDS (REYNOLDS) because he knew REYNOLDS' family. A PBSO Detective was with the Sergeant at the time of the phone call and began assisting in the investigation. The detective conducted some background investigation and learned that REYNOLDS had ties to a green Mitsubishi 4d sedan with assigned Florida tag number BDDV45. The detective also knew that REYNOLDS on occasion stayed in the area of North Federal Highway and 10th Avenue North Lake Worth, Palm Beach County, Florida. After gathering this information, the detective went to that area of Lake Worth, Florida and observed a green Mitsubishi displaying Florida tag BDDV45 parked at the residence located at 930 North Federal Highway, Lake Worth, Palm Beach County, Florida. The detective conducted surveillance on the vehicle and was able to recognize REYNOLDS exiting the vehicle and entering the residence located at 930 North Federal Highway Lake Worth, Palm Beach County, Florida.

4. On January 31, 2013, the detective met with the concerned citizen (hereinafter referred to as F.B.) and conducted an interview of F.B. F.B. stated that he was at the barber shop located at 12th Avenue North and E Street in Lake Worth, Florida getting his hair cut, when he

observed a vehicle back into a parking space in front of the business. F.B. stated that he observed a black male exit the driver's seat and immediately noticed that the black male had a handgun tucked into his waistband. F.B. stated that the firearm was exposed from under the shirt and appeared to be weighing down the black males' pants. F.B. stated that the black male then reached in and removed a bandana from the vehicle. At that time, F.B. stated that he thought the black male was going to rob the business. F.B. stated that the black male then turned towards the barber shop before putting on the bandana. At that time F.B. recognized the black male was REYNOLDS. F.B. stated that REYNOLDS then noticed that he (F.B.) and others in the barber shop were watching him at which time REYNOLDS put the bandana back into the vehicle and began walking by the business. F.B. stated a few minutes later, he observed REYNOLDS walking back towards the vehicle. At that time, F.B. walked outside to get the license plate information and then called the police. The detective showed a six picture photo lineup containing a photograph of REYNOLDS to F.B., who was able to immediately identify REYNOLDS from the lineup as the person driving the Mitsubishi and the person he saw with the firearm.

5.      Thereafter, based upon his investigation, the detective began attempting to gather information to assist him in preparing for a search warrant for the residence located at 930 North Federal Highway, Lake Worth, Florida. The detective drove to the aforementioned address at approximately 11:30 a.m. on January 31, 2013, to take photographs of the residence. While taking photographs, he observed REYNOLDS exit the residence and walk towards the Mitsubishi. REYNOLDS looked and noticed the detective in his vehicle parked on the street. The detective yelled to REYNOLDS and asked if he had seen anyone running from the area. REYNOLDS responded by saying, "I haven't seen shit" and turned to go back into the residence. As REYNOLDS turned, the detective observed what appeared to be a firearm protruding from under

3

REYNOLDS' shirt and stuck in his waistband. REYNOLDS was able to get back into his residence before the detective could approach him on foot.

6.  The detective then called for assistance from other deputies in the area. Additional law enforcement officers arrived on scene and they began to establish a perimeter around the residence. As law enforcement officers were approaching the residence, they observed REYNOLDS walk outside. At that time one of the officers asked REYNOLDS if they could talk to him at which point he immediately took flight on foot. The detective and another officer began chasing REYNOLDS on foot and observed him remove a dark colored semi-automatic firearm from his waistband using his right hand. REYNOLDS continued to run with the firearm in his hand, and as he approached the yard of the residence located at 914 North Federal Highway, he attempted to throw the firearm over the fence. The firearm hit the top of the fence and fell at REYNOLDS feet. As REYNOLDS attempted to pick it up, law enforcement officers gave him verbal commands to leave the firearm and to lie down. REYNOLDS refused the command to lie down and continued to run only a short distance before he was apprehended. Law enforcement was able to recover the firearm from the same location from which it had been discarded by REYNOLDS. The firearm was determined to be a Ruger, Model P89, 9mm handgun, serial number; 309-05728. The firearm was loaded with thirteen rounds of live ammunition.

7.  I was contacted in reference to the firearm being recovered, and began an investigation into the case. I ran an NCIC criminal history check and a computer check from the 15th Judicial Circuit Court Clerk of Courts website and discovered that prior to January 31, 2013, REYNOLDS had been previously convicted of the following felonies, which are punishable by more than one year in the Department of Corrections:

November 18, 2007-Sale of Cocaine-Case # 06CF014559AMB,

4

April 25, 2011-Burglary of Dwelling-Case # 09CF10318AXX, and
April 25, 2011-Possession of Ecstasy/MDMA-Case # 2010CF011618.

8. I also consulted with ATF SA Michael Kelly who has received extensive training in the manufacture and commerce of firearms, and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition on numerous prior occasions in the United States District Court for the Southern District of Florida, and elsewhere. SA Kelly told me that the Ruger Model P89, 9mm Caliber firearm is not manufactured in the State of Florida, and since the firearm was recovered in Florida, it had to have traveled in and affected interstate and/or foreign commerce.

Based on the above information and facts, I respectfully submit that there is probable cause to believe that REYNOLDS, did unlawfully possess a firearm and ammunition, in or affecting commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1).

AFFIANT FURTHER SAYETH NAUGHT.

_____
TASK FORCE OFFICER TROY L. RAINES
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES

Sworn to and subscribed before
me this _/_ day of February, 2013.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc No. 13-8060-JMH

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A COMPLAINT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   ___ Yes  _X_ No

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  _____
Jennifer C. Millien (FL Bar No. 171700)
Email: jennifer.millien@usdoj.gov
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846